UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

VICTORIA DAVENPORT BLISS,

                              Plaintiff,           Case # 19-CV-6437-FPG

v.

                                                       DECISION AND ORDER

RESTAURANT BRANDS INTERNATIONAL, INC., et al.,
                              Defendants.

## INTRODUCTION

*Pro se* Plaintiff brings this civil rights action for employment discrimination and retaliation under Title VII and the New York State Human Rights Law ("NYSHRL") against defendants Restaurant Brands International, Inc. ("Restaurant Brands"), Ninety Rock Management, Inc. ("Ninety Rock"), and Tim Hortons (collectively "Defendants"). Defendants have brought two motions to dismiss Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(5) for insufficient service of process and 12(b)(6) for failure to state a claim upon which relief can be granted. ECF Nos. 14, 19. Plaintiff has also made a motion for summary judgment. ECF No. 23. For the reasons that follow, Defendants' motions to dismiss are GRANTED IN PART and DENIED WITHOUT PREJUDICE TO RENEW IN PART. Plaintiff's motion for summary judgment is DENIED WITHOUT PREJUDICE TO RENEW.

## DISCUSSION

### I. Plaintiff's Amended Complaint

The Amended Complaint alleges a pattern of co-workers verbally and physically mistreating Plaintiff on the basis of her race, color, sex, and religion despite Plaintiff's repeated reports of the behavior to management, creating a hostile work environment from which she was

1

retaliatorily fired.[1]  Defendants hired Plaintiff, a black, Jewish woman, as a cashier in April 2018.  ECF No. 10 ¶ 1.  From the start, co-workers used derogatory language against Plaintiff, calling her a "black bitch," "nigger," "cunt," "pussy," and "bitch"; threw garbage at her; and protested and threatened to quit if required to work with her.  *Id.* ¶¶ 2-4.  Plaintiff alerted her supervisor and district manager to the behavior, but the mistreatment continued.  *Id.* ¶¶ 2-3, 8, 11-12, 16-17, 23-24.

Plaintiff received a work schedule that required her to work Saturdays despite informing her supervisor that she could not do so for religious reasons.  *Id.* ¶ 10.  Plaintiff was told by another supervisor to remove or hide a necklace with a Judaic symbol on it so as not to offend anyone.  *Id.* ¶ 13.  Plaintiff again discussed this mistreatment with her supervisor to no avail.  *Id.* ¶ 14.

Co-workers' attacks on Plaintiff became physical over a discussion about Plaintiff wearing the proper work uniform.  ECF No. 10 ¶¶ 16-19.  An investigation into the incident was never completed and Plaintiff returned to work.  *Id.* ¶¶ 27-29.  The mistreatment from co-workers continued and Plaintiff continued to relay the misconduct to her supervisor.  *Id.* ¶¶ 29-31.  When Plaintiff checked her work schedule following her last complaint to her supervisor, she discovered that she had been taken off the schedule.  *Id.* ¶ 32.  Questions directed to her supervisor, district manager, and the corporate office regarding these issues went unanswered and Plaintiff eventually surmised her employment had been terminated.  *Id.* ¶¶ 32-38.

Plaintiff filed a complaint with the EEOC regarding these incidents.  *Id.* ¶ 39.  On March 20, 2019, the EEOC dismissed Plaintiff's complaint because it was unable to conclude that Plaintiff's rights had been violated.  ECF No. 10 ¶ 39.  The EEOC found that Plaintiff had

---

[1] These facts are taken from the Amended Complaint, including the attachments, which consist of documents from Plaintiff's EEOC complaint.  *See Ellis v. Delphi Corp.*, No. 09-CV-6222, 2009 WL 3671371, at *1 (W.D.N.Y. Oct. 29, 2009) (outlining facts taken from complaint and attached EEOC documents).

voluntarily abandoned her job when she walked out following a verbal altercation with a co-worker the week prior. *Id.* at 15. Plaintiff commenced this lawsuit on June 17, 2019.

## II. Defendants' Motions to Dismiss

### A. Lack of Jurisdiction Over Restaurant Brands

Restaurant Brands asserts that the Court lacks jurisdiction over it because it is a Canadian corporation that neither solicits business in New York State nor owns or operates the Tim Hortons where Plaintiff was employed. ECF No.19-1 at 8. The Court agrees, finding that Plaintiff failed to meet her burden of sufficiently pleading jurisdiction.

Plaintiff bears the burden of sufficiently pleading that the Court has jurisdiction over Restaurant Brands by "pleading in good faith, legally sufficient allegations of jurisdiction." *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84 (2d Cir. 2013); *see Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994); *McQueen v. Huddleston*, 17 F. Supp. 3d 248, 250 (W.D.N.Y. 2014). On a motion to dismiss, "the plaintiff need persuade the court only that its factual allegations constitute a *prima facie* showing of jurisdiction." *See Ball v. Metallurgie Hoboken–Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990). This showing may be made through affidavits and supporting materials "containing an averment of facts that, if credited, would suffice to establish jurisdiction over the defendant." *S. New Eng. Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 138 (2d Cir. 2010); *see also AEP–PRI Inc. v. Galtronics Corp. Ltd.*, No. 12 Civ. 8981(PAE), 2013 WL 4400833, at *4 (S.D.N.Y. Aug.13, 2013).

Plaintiff does not make even a bare assertion of jurisdiction over Restaurant Brands in her Amended Complaint. Moreover, Plaintiff failed to respond to Restaurant Brands's motion entirely, despite the Court's scheduling order giving Plaintiff until September 27, 2019 to respond. ECF No. 20; *see, e.g.*, *Levin v. Am. Document Servs., LLC*, No. CV 17-1285 (JFB)(AYS), 2018

WL 2057144, at *9-12 (E.D.N.Y. Jan. 19, 2018), *report and recommendation adopted*, 2018 WL 1358815 (E.D.N.Y. Mar. 16, 2018) (noting that *pro se* plaintiff failed to allege the statutory bases for jurisdiction and granting defendants' motion to dismiss for lack of jurisdiction). Therefore, Plaintiff has failed to meet her burden of sufficiently pleading jurisdiction over Restaurant Brands and the Court GRANTS Restaurant Brands's motion to dismiss. Restaurant Brands shall be terminated as a defendant from this case.

### B. Failure to Properly Serve Ninety Rock and Tim Hortons

Federal Rule of Civil Procedure 12(b)(5) provides that a party may move to dismiss a complaint for insufficient service of process. Fed. R. Civ. P. 12(b)(5). Plaintiff bears the burden of proving that service was sufficient. *Khan v. Khan*, 360 F. App'x 202, 203 (2d Cir. 2010) (summary order). Further, it is within the Court's discretion whether to dismiss a complaint for insufficient service of process. *Kelly v. Vesnaver*, No. 16-CV-883 (DRH) (SIL), 2017 WL 2389506, at *8 (E.D.N.Y. Apr. 11, 2017), *report and recommendation adopted*, 2017 WL 2389602 (E.D.N.Y. June 1, 2017).

Federal Rule of Civil Procedure 4(h) provides for service upon business entities by

> delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h)(1)(B). In addition, a plaintiff may effectuate service upon business entity defendants pursuant to state law under Federal Rule of Civil Procedure 4(e)(1). Fed. R. Civ. P. 4(h)(1)(A). New York State provides for service upon limited liability companies as follows:

> Service of process on any domestic or foreign limited liability company shall be made by delivering a copy personally to (i) any member of the limited liability company in this state, if the management of the limited liability company is vested in its members, (ii) any manager of the limited liability company in this state, if the management of the limited liability company is vested in one or more managers,

(iii) to any other agent authorized by appointment to receive process, or (iv) to any other person designated by the limited liability company to receive process, in the manner provided by law for service of a summons as if such person was a defendant. Service of process upon a limited liability company may also be made pursuant to article three of the limited liability company law.

N.Y. C.P.L.R. § 311-a. Service upon the Secretary of State or a registered agent of the limited liability company will also suffice. N.Y. Ltd. Liab. Co. §§ 301-303.

Ninety Rock and Tim Hortons assert that Plaintiff attempted to serve Mary Lytle, a senior accountant for Ninety Rock, on June 18, 2019. ECF No. 14-1 at 5-6; ECF No. 19-1 at 10. Ms. Lytle was neither a proper person on whom to effect service nor did she represent that she was authorized to accept service for either Ninety Rock or Tim Hortons. ECF No. 14-1 at 6; ECF No. 14-2 at 1; ECF No. 19-1 at 10.

Courts must grant an extension of time to properly serve a defendant upon Plaintiff's showing of good cause. Fed. R. Civ. P. 4(m); *see Zapata v. City of New York*, 502 F.3d 192, 197 (2d Cir. 2007). Whether Plaintiff has shown good cause depends on "(1) the reasonableness and diligence of Plaintiff's efforts to serve, and (2) the prejudice to the Moving Defendants from the delay." *Micciche v. Kemper Nat'l Servs.*, 560 F. Supp. 2d 204, 209 (E.D.N.Y. 2008) (internal quotation marks omitted). "Good cause is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control." *Robinson v. City of Buffalo*, No. 1:16-CV-00432(MAT), 2017 WL 2021528, at *6 (W.D.N.Y. May 12, 2017) (collecting cases) (internal quotation marks and citations omitted). Moreover, Plaintiff's *pro se* status does not constitute an excuse for lack of proper service. *Jordan v. Forfeiture Support Assocs.*, 928 F. Supp. 2d 588, 598 (E.D.N.Y. 2013).

Plaintiff argues, by way of showing good cause, that her attempts at proper service were "made in good faith" because she hired a process server who represented his expertise. ECF No.

5

22 at 10. She also alleges that both she and the process server "recently made numerous attempts to reach the Defendant" to no avail. Plaintiff asks the Court to allow service of process to Ninety Rock's corporate address. Plaintiff's reliance on a process server is insufficient to support a finding of good cause for failure to properly serve Defendants. *Robinson*, 2017 WL 2021528, at *6 ("[R]eliance on a process server to effect service is insufficient to merit a finding of good cause or an extension of time for service.").

Still, courts may grant an extension of time to properly serve a defendant even without a showing of good cause. *Jordan*, 928 F. Supp. 2d at 598. To determine whether to grant such an extension, courts consider whether (1) the statute of limitations would bar the action from being re-filed; (2) the defendant had actual notice of the plaintiff's claims; (3) the defendant attempted to conceal the defect in service; and (4) the defendant would be prejudiced by an extension of time for proper service. *Pajak v. New York State Office of Temporary & Total Disability*, No. 16-CV-899-FPG, 2018 WL 4268915, at *5-7 (W.D.N.Y. Sept. 7, 2018); *Jordan*, 928 F. Supp. 2d at 598.

Applying these factors, the Court grants Plaintiff an extension of time to properly serve Ninety Rock and Tim Hortons. First, Plaintiff timely filed this action within the 90-day period following receipt of her right to sue letter from the EEOC; however, the statute of limitations has now expired such that she would be barred from re-filing her action.[2] *See Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993) ("In instances where a [federal court] complaint is timely filed and later dismissed, the timely filing of the complaint does not 'toll' or suspend the 90-day limitations period."); *Jordan*, 928 F. Supp. 2d at 598. Second, Ninety Rock and Tim Hortons had notice of Plaintiff's claims because they "received [P]laintiff's pleadings and in fact filed the instant motions to dismiss based on those pleadings. Thus, this factor similarly favors

---

[2] Though Plaintiff would not be barred from re-filing her NYSHRL claims under the applicable three-year statute of limitations, the Court nonetheless grants her an extension of time to serve all of her claims in her Amended Complaint.

granting [P]laintiff an extension." *Jordan*, 928 F. Supp. 2d. at 599. Third, while Ninety Rock and Tim Hortons have not attempted to conceal Plaintiff's deficient service, this factor alone is not dispositive. *See id.* Fourth, having to defend a lawsuit "does not rise to the level of prejudice necessary to tip the balance of this factor in [defendants'] favor." *Jordan*, 928 F. Supp. 2d at 599 (internal quotation marks omitted).

Plaintiff shall have 30 days from the date of this Decision and Order to effect proper service on Ninety Rock and Tim Hortons. Based on the Court's own research, the address listed on the summons appears to be Ninety Rock's address.[3] Nonetheless, defense counsel is ordered to provide Plaintiff with the correct addresses for Ninety Rock and Tim Hortons[4] within 7 days from the date of this Decision and Order. *See generally Goldstein v. Laurent*, No. 09 Civ. 2437(PKC), 2010 WL 4237582, at *4-5 (S.D.N.Y. Oct. 15, 2010) (ordering defense counsel to provide plaintiffs with defendant's address where "it [was] not solely through the neglect of the plaintiff that service ha[d] not been completed" and "plaintiff ha[d] attempted numerous times to serve the defendant, through various methods."). Ninety Rock's and Tim Hortons's motions to dismiss are DENIED without prejudice to renew.

## III. Plaintiff's Motion for Summary Judgment

The instant case has yet to proceed to discovery. A motion for summary judgment may be filed "at any time until 30 days after the close of all discovery," Fed. R. Civ. P. 56(b); however, summary judgment is generally not appropriate until after some discovery has occurred. *Nelson*

---

[3] Ninety Rock's address is listed on the summons and on its website as: Ninety Rock Management LLC, 625 Panorama Trail, Suite 2130, Rochester, NY 14625. *See* http://ninetyrock.com/contact/.

[4] It is not entirely clear that Plaintiff intends to serve Tim Hortons as a defendant. Throughout her papers she has repeatedly listed defendants as "Tim Hortons/Ninety Rock Management LLC" and she only refers to Ninety Rock's business address when explaining her attempts at service of process. *See, e.g.*, ECF Nos. 10 at 14; 14-3 at 24; 22 at 10. Defense counsel asks for Plaintiff to provide a more definite statement as to which Tim Hortons entity she intends to sue but Tim Hortons USA has appeared in this action. ECF No. 19-1 at 8-9. Defendants are to provide Plaintiff with the address for Tim Hortons USA and if she intends to serve Tim Hortons USA, Plaintiff must do so.

7

*v. Deming,* 140 F. Supp. 3d 248, 257 (W.D.N.Y. 2015). In *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986), the Supreme Court explained that the purpose of summary judgment is to allow for the disposition of a case "after adequate time for discovery" has elapsed. *Id.* Indeed, "'[o]nly in the rarest of cases may summary judgment be granted against a [party] who has not been afforded the opportunity to conduct discovery.'" *Crystalline H20, Inc. v. Orminski*, 105 F. Supp. 2d 3, 7 (N.D.N.Y. 2000) (quoting *Hellstrom v. U.S. Dep't of Veterans Affairs,* 201 F.3d 94, 97 (2d Cir. 2000)).

In those rare instances, a grant of summary judgment prior to discovery may be appropriate when a party "'fails to produce any specific facts whatsoever to support [their case].'" *See Gray v. Garlock Sealing Technologies, LLC*, No. 06-CV-6028 CJS, 2006 WL 3680567, at *8 (W.D.N.Y. Dec. 11, 2006) (quoting *Contemporary Mission, Inc. v. United States Postal Service*, 648 F.2d 97, 107 (2d Cir. 1981)). That is not the case here. Defendants have produced sufficient facts to support their case. *See* ECF No. 26 at 10. Therefore, summary judgment at this stage of the proceedings, prior to discovery, is premature. Plaintiff's motion for summary judgment is DENIED without prejudice to renew.

## CONCLUSION

Restaurant Brands's motion to dismiss (ECF No. 19) is GRANTED. Restaurant Brands is hereby terminated as a defendant and the Clerk of Court is directed to amend the case caption accordingly. Ninety Rock's motion to dismiss (ECF No. 14) and Tim Hortons's motion to dismiss (ECF No. 19) for insufficient service of process is DENIED without prejudice to renew. Plaintiff must properly serve Ninety Rock and Tim Hortons within 30 days of this Decision and Order. Defense counsel is directed to provide Plaintiff with correct addresses for Ninety Rock and Tim Hortons USA within 7 days. Within 21 days of receipt of proper service, Ninety Rock and Tim

Hortons may renew their motions to dismiss or otherwise answer the Amended Complaint. Plaintiff's motion for summary judgment (ECF No. 23) is DENIED without prejudice to renew.

IT IS SO ORDERED.

Dated: December 16, 2019
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court